90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNITED STATES of America, Appellee,
v.
Jose M. ALMONTE-NUNEZ, also known as Miguel Nunez, Appellant.
 No. 95-3058.
 United States Court of Appeals, District of Columbia Circuit.
 June 11, 1996.
 
 Before: SILBERMAN, BUCKLEY, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the district court is hereby affirmed in part and the case is remanded to the district court for a hearing on the ineffective assistance counsel claim.
 
 
 3
 Appellant's argument that the inaccurate information contained in his § 851(a) notice deprived the district court judge of the authority to impose an enhanced penalty based on his prior convictions is foreclosed by United States v. Charles Lester Vanness, No. 95-3083, slip op. at 5 (D.C.Cir. June 7, 1996), where we held that the requirement of a § 851(a) notice, absent a showing of prejudice, does not "burden the government with the duty of advising defendants of sentencing consequences." We find no merit in appellant's other arguments except the ineffective assistance of counsel claim based on defense counsel's alleged failure to adequately advise appellant of the sentencing implications of going to trial. As we explained in United States v. Fennell, 53 F.3d 1296, 1303-04 (D.C.Cir.1995), our general practice is to decide such claims on a record developed at an evidentiary hearing. On remand, the district court should conduct a hearing in order to determine what defense counsel told appellant as to the sentencing implications of going to trial and whether any inaccuracies were prejudicial. It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.